**FILED**
4:19 pm May 21 2019
Clerk U.S. District Court
Northern District of Ohio
Cleveland

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **LAMETRA PHILLIPS,** ) | **CASE NO. 1:19 CV 1062** |
| ) | |
| Plaintiff, ) | **JUDGE DAN AARON POLSTER** |
| ) | |
| vs. ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| **LORAIN COUNTY CHILDREN** ) | |
| **SERVICES,** ) | |
| ) | |
| Defendant. ) | |

*Pro se* Plaintiff Lametra Phillips brings this action pursuant to 42 U.S.C. §§ 1983 and 1985 against Defendant Lorain County Children Services asserting that Defendant violated her constitutional rights and conspired to violate her civil rights. (Doc. #: 1). Also before the Court is Plaintiff's motion to proceed with this matter *in forma pauperis*. (Doc. #: 4). That motion is granted.

For the reasons that follow, this case is dismissed.

**A. Background**

Plaintiff claims that on June 8, 2017, her constitutional rights were violated because Defendant arrested her without probable cause and conspired to violate her civil rights. (Doc. #: 1 at 2). She claims that "they lied about the entire case" and Defendant "snatched" her son from the hospital while she was in the shower. (*Id.* at 4). In documents filed in the United States District Court for the Northern District of Illinois before this case was transferred to the

Northern District of Ohio, Plaintiff asserts rambling allegations concerning the removal of her children by Defendant. (*See id.* at 7-20). Plaintiff claims that a "Children Services case" is still pending in the Ohio Supreme Court and criminal proceedings are also pending. (*Id.* at 3).

**B.  Standard of Review**

*Pro se* pleadings are held to a less stringent standards than pleadings drafted by lawyers, and must be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). That said, federal district courts are expressly required by 28 U.S.C. § 1915(e)(2)(B) to screen all *in forma pauperis* actions and to dismiss before service any such action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. The standard for dismissal articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) with respect to Fed. R. Civ. P. 12(b)(6) also governs dismissal under § 1915(e)(2)(B) for failure to state a claim. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Therefore, in order to survive scrutiny under § 1915(e)(2)(B), a *pro se* complaint "'must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678).

**C.  Analysis**

    **1. Plaintiff fails to state a plausible claim for relief**

Defendant Lorain County Children Services is a branch of Lorain County and is not *sui juris*, that is, it lacks the capacity to be sued. *See Rose v. Dep't of Children & Family Servs.*, No. 19 CV 127, 2019 WL 2123067, at *2 (N.D. Ohio May 15, 2019) (Cuyahoga County Department of Children and Family Services is not *sui juris* and cannot be sued in its own right)

(collecting cases). To the extent that Plaintiff is attempting to assert her claims against Lorain County, the County is only liable under § 1983 when the local government's policy or custom results in the alleged injury. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Plaintiff does not claim that any customs or policies of Lorain County caused her injuries. (*See* DKT #: 1 at 3, ¶ 7).

Moreover, in order to state a plausible claim for relief, Plaintiff must offer more than a "the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Plaintiff cites extensive case law and alleged "expert" authority regarding parental rights and child welfare, making the conclusory claim that Defendant violated her constitutional rights and conspired to violate her civil rights in connection with the removal of her children from her custody. But she offers no factual allegations in support of that conclusion to state a plausible claim for relief under either § 1983[1] or § 1985.[2]

Accordingly, this case is dismissed pursuant to § 1915(e).

---

[1] To state a claim under § 1983, a plaintiff must alleged a violation of a right secured by the constitution by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted).

[2] "To prove a conspiracy under section 1985, a plaintiff must show that (1) the defendants conspired together for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; (2) the defendants committed an act in furtherance of the conspiracy which caused injury to person or property or a deprivation of any right or privilege of a citizen of the United States; and (3) the conspiracy was motivated by racial, or other class-based, invidiously discriminatory animus." *Baseball at Trotwood, LLC v. Dayton Prof'l Baseball Club, LLC*, 204 F. App'x 528, 539 (6th Cir. 2006) (citing *Bass v. Robinson,* 167 F.3d 1041, 1050 (6th Cir. 1999)).

### 2. Abstention is appropriate pursuant to *Younger v. Harris*

Plaintiff alleges a "Children Services case" and "criminal proceedings" are pending in state court. Under the abstention doctrine articulated by the United States Supreme Court in *Younger v. Harris*, 401 U.S. 37 (1971), when state proceedings are pending federal claims related to the state proceedings should be raised and decided in state court without interference by the federal courts. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 17 (1987).

Three requirements must be satisfied for *Younger* abstention to be appropriate: (1) an ongoing state judicial proceeding, (2) the proceeding implicates important state interests, and (3) there is an adequate opportunity in the state proceeding to raise constitutional challenges. *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). The Court accepts as true Plaintiff's allegations that there are ongoing state court proceedings concerning a "Children Services case." The State of Ohio has an important interest in enforcing its laws regarding domestic and child custody matters, and regarding criminal matters. *See Butterfield v. Steiner*, No. C2-01-1224, 2002 WL 31159304, at *6 (S.D. Ohio Sept. 5, 2002) ("Federal courts have consistently recognized that matters relating to domestic relations cases and child custody disputes implicate important state interests[.]") (citing *Moore v. Sims,* 442 U.S. 415 (1979); *Mann v. Conlin,* 22 F.3d 100 (6th Cir. 1994); *Kelm v. Hyatt,* 44 F.3d 415 (6th Cir. 1995)); *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 614 (1975) ("The line of decisions culminating in *Younger v. Harris* reflects this Court's longstanding recognition that equitable interference by federal courts with pending state prosecutions is incompatible in our federal system with the paramount role of the States in the definition of crimes and the enforcement of criminal laws.") (citation omitted). With respect to the third factor, in the absence of "unambiguous authority to

the contrary," the Court may assume that state court procedures will afford Plaintiff an adequate opportunity to present her federal claims in the pending state court proceedings. *See Penzoil*, 481 U.S. at 15.

To the extent that the pending "Children Services case" and criminal proceeding relates to the allegations in the instant action, the Court must abstain from interfering with the pending state matters.[3]

### 3. Plaintiff's claims alleging violations of criminal law are dismissed

Lastly, Plaintiff accuses Defendant of kidnapping and abduction of her children (DKT #: 1 at 9). These allegations of criminal conduct do not support a cognizable private right of action. *Sefa v. Kentucky*, 510 F. App'x 435, 438 (6th Cir. 2013) (affirming dismissal of plaintiff's § 1983 action alleging that defendant kidnapped his niece and nephew in connection with state-court action for neglect against his sisters on the grounds that plaintiff lacked a private right of action under federal criminal statute) (citation omitted). Plaintiff's allegations that Defendant committed crimes fail to state a plausible claim for relief and are dismissed.

---

[3] And to the extent that Plaintiff seeks to collaterally attack a state court decision determining the custody of her children, those claims are also excluded from consideration by this Court. *See Sefa v. Kentucky*, 510 F. App'x 435, 437-38 (6th Cir. 2013) ("to the extent [plaintiff] seeks a declaration that the state's child-custody determination was unlawful, an injunction for the minor children's release, and monetary damages arising from the child-custody decision, these claims constitute collateral attacks on the state court judgments terminating [his sisters]' parental rights and [were] properly excluded from consideration by the [district] court") (internal quotation marks omitted) (quoting *Stephens v. Hayes,* 374 F. App'x 620, 623 (6th Cir. 2010)).

**D. Conclusion**

For all of the foregoing reasons, this action is dismissed in its entirety pursuant to 28 U.S.C. § 1915(e). Plaintiff's motion to proceed *in forma pauperis* is granted.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[4]

**IT IS SO ORDERED**.

    s/ *Dan Aaron Polster*    5/21/2019
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

---

[4] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.